IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TEKISHA JOHNSON,

       Plaintiff,

v.                                                                                 No. CIV-08-1126 JH/LFG

ERIC ERICKSON,
PROBATION AND PAROLE,

       Defendants.

MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and Fed. R. Civ. P. 12(b)(6), to review Plaintiff's civil rights complaint. Plaintiff is incarcerated, appearing pro se, and proceeding in forma pauperis. For the reasons below, certain of Plaintiff's claims will be dismissed.

The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under §1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under Fed. R. Civ. P. 12(b)(6) for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations.

*Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint alleges that Defendant Erickson knowingly submitted false information in support of a request for an arrest warrant for Plaintiff.  Plaintiff contends that Defendant caused the wrongful issuance of the warrant in order to harass Plaintiff, and that Defendant's actions violated certain constitutional protections.  The complaint also names New Mexico Probation and Parole as a Defendant and seeks damages.

No relief is available on Plaintiff's claims for damages against Defendant Probation and Parole.  A claim against a state agency is the same as a claim against the state itself.  *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Neither states nor their agencies are 'persons' within the meaning of 42 U.S.C. § 1983.  *See Harris v. Champion*, 51 F.3d 901, 905-06 (10th Cir. 1995); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974); *Will*, 491 U.S. at 71).  "The barrier [is] not . . . Eleventh Amendment immunity, which the State could waive.  The stopper [is] that § 1983 creates no remedy against a State."  *Arizonans for Official English v. Arizona*, 520 U.S. 43, 69 (1997).  Under this rule, Plaintiff's claims against Defendant Probation and Parole will be dismissed.

IT IS THEREFORE ORDERED that Plaintiff's claims against Defendant Probation and Parole are DISMISSED, and Defendant Probation and Parole is DISMISSED as a party to this action;

IT IS FURTHER ORDERED that the Clerk is directed to issue notice and waiver of service forms, with a copy of the complaint, for Defendant Erickson.

UNITED STATES DISTRICT JUDGE