**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

TEKISHA JOHNSON,

      Plaintiff,

v.                                                  No. CIV 08-1126 JCH/LFG

ERIC ERICKSON,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

THIS MATTER is before the Court on Plaintiff Tekisha Johnson's ("Johnson") Motion to Amend Lawsuit and Cause Number and Caption [Doc. 15], filed May 8, 2009. Johnson asks that the caption read Johnson v. "Eric Erickson, Probation and Parole Officer in his individual and his official capacities." [Doc. 15, p. 2.]

In a Memorandum Opinion and Order issued February 26, 2009 [Doc. 10], the Court conducted a *sua sponte* review of Johnson's original complaint, naming Eric Erickson and Probation and Parole as Defendants. The Court dismissed all claims against Probation and Parole and dismissed that entity as a party to the lawsuit. The Court reasoned that no relief was available on Johnson's claims against Probation and Parole because a claim against a state agency is the same as a claim against the state itself. *See* Neitzke v. Williams, 490 U.S. 319, 327 (1989). A state has immunity from suit under the Eleventh Amendment. *See* Steadfast Ins. Co. v. Agricultural Ins. Co. 507 F.3d 1250, 1253 (10th Cir. 2007) (Eleventh Amendment immunity extends to states and state entities).

Johnson now seeks to sue Eric Erickson "in his official capacity" as an "officer of Probation and Parole." [Doc. 15.] The proposed amendment fails for essentially the same reasons that Probation and Parole was dismissed from this lawsuit.

> The Eleventh Amendment bars a suit for money damages against a state by its own citizens. Edelman v. Jordan, 415 U.S. 651, 662-63, (1974). This immunity from suit extends to the state's agencies and officers. *See* Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 280 (1977). The rule recognizes that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989).

Rouse v. Colorado State Bd. of Parole, 242 F. App'x 498, 500 (10th Cir. Jul. 9, 2007) (unpublished opinion).  Because Johnson seeks to name Erickson in an official capacity, her proposed amendment again attempts to bring suit against the state.  Accordingly, the proposed amendment will not be allowed.

In addition, there is no reason to change the case's caption to show that Eric Erickson is being sued in his individual capacity.  Thus, Johnson's motion to amend is denied, and the case proceeds as captioned.

IT IS THEREFORE ORDERED that Johnson's Motion to Amend Lawsuit [Doc. 15] is DENIED.

_____
UNITED STATES DISTRICT COURT